UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


Operating Engineers Local #49 Health
and Welfare Fund and Central Pension
Fund of the International Union of
Operating Engineers and Participating
Employers, et al.,

       Plaintiffs,
v.                                                    MEMORANDUM
                                                     OPINION AND ORDER
                                                     Civil No. 04-2800

Structural Specialties, Inc.,

       Defendants.
_____

     Mitchell W. Converse, Jensen Bell Converse & Erickson, P.A. for and on behalf of Plaintiffs.

     Markus C. Yira, Bradford Yira, for and on behalf of Defendants.
_____

     This matter is before the Court upon Plaintiffs' Motion for Summary Judgment.

Factual Background

     Defendant is a Minnesota business which engages in construction work, including grading and excavating in road construction and other areas. On May 1, 2001, Defendant executed an Acceptance of Agreement in which it agreed to be bound by the terms and conditions of the 2001-2005 Collective Bargaining Agreement ("CBA") between the Associated General Contractors of Minnesota

and the International Union of Operating Engineers.  The CBA requires employers to submit to Plaintiff Funds a monthly fringe benefit report and to pay such fringe benefit contributions that are owed.  To confirm compliance, Plaintiffs scheduled and completed an audit of Defendant's payroll records and determined unpaid contributions in the amount of $8,241.60.  The parties subsequently agreed that part of this amount included work that was not covered pursuant to an agreement entered into on May 1, 1990 between Defendant and Local 49ers Union. Converse Affidavit, Ex. 3.  Plaintiffs contend, however, that $4,879.87 remains due.

Standard

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact.  Celotex, 477 U.S. at 323.  Summary judgment is only appropriate when "there is no dispute of fact and where there exists only one conclusion." Crawford v. Runyon, 37  F.3d 1338, 1341  (8th Cir. 1994) (citation omitted).  The party opposing summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir.1995).

Analysis

Defendant opposes Plaintiffs' motion for summary judgment, arguing that it has paid all required contributions, and provided records in support. Plaintiffs respond that the records submitted by Defendant support its request for judgment in the amount of $4,879.87, plus 10% liquidated damages, specifically referring to Defendant's Exhibits B1 through C-4, which show hours worked by David Larson, and Exhibits A-1 and A-2, which are the relevant reporting forms for David Larson. These forms show that contributions were made for 744 hours worked by Mr. Larson, but that he worked a total of 1,327.5 hours for the relevant time period.

Defendant contends the discrepancy is due to work performed by Mr. Larson on ditches on private land, but which work was paid for by Sibley County. The May 1, 1990 Agreement between Defendant and the Union, however, excludes "[a]ll work performed for private parties; individual home owners, lake lot owners, private ditches, farm and agricultural work." Converse Aff., Ex. 3. As Defendant does not dispute that the work at issue was paid for by Sibley County, it was not "work performed for private parties" as contemplated by the May 1, 1990 Agreement.

Accordingly, the Court finds that Defendant has failed to raise a genuine issue of material fact. Judgment in favor of Plaintiffs is therefore appropriate.

IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment [Doc. No. 6] is GRANTED.  The liability of Defendant for unpaid contributions and liquidated damages is $4,879.87 and $487.98 respectively, for a total of $5,367.85. Plaintiffs' interest, attorneys fees and costs shall be established by subsequent affidavit, subject to review and approval by this Court.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: May 31, 2005

        s/ Michael J. Davis
        Michael J. Davis
        United States District Court